# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH M. DROZE,

        Appellant,

      v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBERS
SE-0752-01-0205-C-1
SE-0752-01-0205-I-1

DATE: May 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kenneth M. Droze, Saipan, MP, pro se.

James C. Brent, Esquire, and Teesha R. Huggins, FPO/AP, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision in MSPB Docket No. SE-0752-01-0205-C-1 (compliance appeal), which denied his petition for enforcement of a settlement agreement. As discussed below, we deem his petition for review also to constitute a petition for review of the initial decision in MSPB Docket No. SE-0752-01-0205-I-1 (merits appeal),

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

which dismissed his appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this matter, we JOIN the merits appeal and the compliance appeal under 5 C.F.R. § 1201.36(b). We find that the petitioner has not established any basis under section 1201.115 for granting the petition for review with respect to either appeal. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

¶2 Effective March 26, 2001, the agency removed the appellant from his GS-9 Computer Specialist position in Japan based on his failure to exercise his return rights following a lengthy absence for medical reasons. Initial Appeal File (IAF), Tab 7, Subtabs 4A-4B, 4F. He filed an appeal of his removal, and, while his appeal was pending, he and the agency reached a settlement agreement that called for the dismissal of the appeal. IAF, Tab 14. The administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeal. IAF, Tab 15, Initial Decision (ID) at 1-2. The initial decision became the Board's final decision on July 17, 2001, when neither party petitioned for review of the decision. ID at 3.

¶3 On January 21, 2015, the appellant filed a petition for enforcement in which he contended that the agency breached the agreement by, inter alia, failing to afford him status under the applicable status of forces agreement (SOFA) and failing to include him in a medical screening program. Compliance File (CF),

Tab 1 at 2-3. He further contended that he entered into the agreement under duress because he had lost his Government housing and was suffering from an unidentified illness. *Id.* at 2. After affording the parties appropriate notice of the burdens and elements of proof in a compliance case, providing them with the opportunity to submit evidence and argument in support of their respective positions, and considering the parties' submissions, the administrative judge denied the petition for enforcement upon finding that the appellant did not prove that the agency breached the settlement agreement. CF, Tab 15, Compliance Initial Decision (CID) at 5-8. Because the appellant also argued that the settlement agreement was invalid, the administrative judge informed him that he could challenge the validity of the agreement only if he filed a petition for review of the initial decision dismissing his removal appeal as settled. CID at 7. The administrative judge did not address the timeliness issue raised by the appellant's 14-year delay in seeking enforcement.

¶4      The appellant has filed a petition in which he continues to raise issues of alleged breach and claims again that the settlement agreement is invalid. Because the petition for review was not clear, the Clerk of the Board issued a show cause order asking whether the appellant was petitioning for review of the initial decision or the compliance initial decision or both. Petition for Review (PFR) File, Tab 4. The appellant responded that he wished to pursue both avenues if necessary, but he wanted the Board to consider his breach claim and then, if the Board's decision was not favorable to him, he wanted to challenge the validity of the agreement. PFR File, Tab 6. However, because an invalid contract is not subject to enforcement, the Board must consider the validity issue first. To preserve the appellant's right to challenge both the validity of the agreement and the alleged breach of the agreement, we deem the instant petition for review to be a petition for review in both the merits case and the compliance case.

<u>The settlement agreement is valid.</u>

¶5    An attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the appeal as settled. *Weldon v. Department of Veterans Affairs*, <u>119 M.S.P.R. 478</u>, ¶ 5 (2013). When a petition for enforcement unmistakably challenges the validity of the agreement, the Board will treat it as a petition for review of the initial decision dismissing the appeal as settled. *Miller v. Department of the Army*, <u>112 M.S.P.R. 689</u>, ¶ 12 (2009). An appellant may challenge the validity of a settlement agreement if he believes it was unlawful, involuntary, or the result of fraud, coercion, misrepresentation, or mutual mistake. *See Weldon*, <u>119 M.S.P.R. 478</u>, ¶ 5; *Wofford v. Department of Justice*, <u>115 M.S.P.R. 468</u>, ¶ 6 (2010); *Keith v. U.S. Postal Service*, <u>56 M.S.P.R. 668</u>, 669-70 (1993). Even if the invalidity is not apparent at the time of settlement, the settlement agreement must be set aside if it is subsequently shown by preponderant evidence that the agreement is invalid. *Wofford*, <u>115 M.S.P.R. 468</u>, ¶ 6. However, once an appellant discovers evidence that he claims establishes a valid reason to set aside the agreement, he must act with due diligence to file a petition for review with the Board or his petition for review will be dismissed as untimely filed. *See Armstrong v. Department of the Treasury*, <u>115 M.S.P.R. 1</u>, ¶ 5 (2010), *aff'd*, 438 F. App'x 903 (Fed. Cir. 2011).

¶6    The appellant makes multiple arguments that could be construed as challenges to the validity of the settlement agreement. First, he appears to contend that the agreement is invalid because it was illegal. Because the appellant was a Federal employee prior to the removal action underlying the settled appeal, he was in Japan on an official passport. He asserts that, under the SOFA, once he was removed, he could only remain in Japan on a visitor's visa. He alleges that the agency violated the SOFA by issuing a Standard Form 50 (SF-50) retroactively placing him in a leave without pay (LWOP) status while he was

on a visitor's visa when it could only do so lawfully by reinstating his official passport.[2]

¶7 According to the applicable SOFA, when a civilian employee loses his official status, "the United States authorities shall notify the Japanese authorities and shall, if such person be required by the Japanese authorities to leave Japan, assure that transportation from Japan will be provided within a reasonable time at no cost to the Government of Japan." CF, Tab 11 at 16 (Article IX, ¶ 5). The SOFA contains no provisions addressing when former employees of the agency must leave Japan if not required to do so by the Japanese Government, and no provision setting forth whether, when, or how the agency must change a former employee's immigration status or revoke a former employee's official passport. The appellant has not alleged that he was "required by the Japanese authorities to leave Japan." Therefore, because the actions that the appellant challenges do not appear on their face to be governed by the SOFA, we find that he has not shown that the settlement agreement is invalid on the basis of illegality.

¶8 The appellant also seems to allege that he was not competent to enter into a settlement agreement because of an unspecified psychiatric illness. PFR File, Tab 6 at 8. While the appellant indeed may have been ill when he signed the settlement agreement, he has not submitted any medical evidence showing that he was mentally impaired at the time of the settlement agreement on June 8, 2001, or that he was unable either to fully understand the nature of the settlement agreement or to assist his representative regarding his appeal. *See Moran v. Veterans Administration*, 43 M.S.P.R. 547, 552, *aff'd*, 923 F.2d 869 (Fed. Cir.

---

2  The appellant further contends that the SOFA prohibits the agency from allowing nonemployee civilians from entering its facilities and the agency violated the SOFA when it allowed him to enter its facility to sign the settlement agreement. This argument does not relate to either the validity of the settlement agreement or the alleged noncompliance with the settlement agreement, and thus it is not within the Board's purview.

1990) (Table). Thus, there is no basis for finding that the settlement agreement was rendered invalid because of his medical condition.

¶9 The appellant also contends that he entered into the agreement under duress because at the time of settlement he was present in Japan on a visitor's visa. To establish that a settlement agreement is invalid due to coercion or duress, a party must prove that he involuntarily accepted the other party's terms, that circumstances permitted no alternative, and that such circumstances were the result of the other party's coercive acts. *Mullins v. Department of the Air Force*, 79 M.S.P.R. 206, ¶ 7 (1998). The appellant has not shown how his immigration status was either the result of wrongful actions committed by the agency or was the source of any duress. Aside from his bare contention that he entered into the agreement under duress because of his immigration status, he has not alleged or proffered any evidence showing that he involuntarily accepted the agency's terms or that the circumstances permitted no alternative.

¶10 We find, therefore, that the appellant has failed to prove that the settlement agreement was invalid. In light of our finding, we do not address the apparent 14-year untimeliness of the petition for review.

The agency is in compliance with the settlement agreement.

¶11 A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.* The ultimate burden, however, is on the appellant to prove breach by preponderant evidence. *Id.*

¶12 The appellant contends that failing to reinstate his official status under the SOFA during the grant of retroactive LWOP (as discussed above) led to the

agency's issuance of a fictitious SF-50 placing him on retroactive LWOP (as discussed above) and that the issuance of the SF-50 under the circumstances constitutes a breach of ¶ 8 of the agreement. In construing the terms of a settlement agreement, the words are of paramount importance. *Flores v. U.S. Postal Service*, 115 M.S.P.R. 189, ¶ 10 (2010). The Board has no authority to unilaterally modify the terms of the parties' agreement or to read a nonexistent term into an agreement that is unambiguous. *Id.* When an agreement's words and meaning are unambiguous, its terms are not subject to variation. *Id.*

¶13    Paragraph 8 of the settlement agreement provides, "The appellant hereby requests and is granted leave without pay for the period from the date of the initial removal action (March 26, 2001) to the effective date of this Agreement." IAF, Tab 14 at 3. Rather than constituting a breach of the agreement, the agency's grant of retroactive LWOP is exactly what the appellant bargained for. The agency made no promises relating to the appellant's immigration status in ¶ 8 or in any other provision of the settlement agreement.

¶14    The appellant further alleges that the agency violated the agreement by failing to include him in a medical screening program for employees at his duty station. There are several settlement provisions that relate to the appellant's medical condition. In ¶ 5.a., the agency agreed to change the basis for the appellant's removal to "medical inability to perform his duties." IAF, Tab 14 at 2. Paragraph 5.b. obligated the agency to reimburse the appellant for out-of-pocket medical expenses in the amount of $225. *Id.* The agency further agreed in ¶ 5.c. not to interfere with or delay any application for "retirement or disability" that the appellant may choose to file. *Id.* Finally the provision in ¶ 6.f. stating that the agreement did not limit the appellant's right to file an Office of Workers' Compensation Program claim or apply for disability retirement similarly does not require the agency to include the appellant in a screening

program. We agree with the administrative judge that the appellant failed to prove that the agency violated the settlement agreement.[3]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

---

[3] The appellant raised several additional allegations of breach before the administrative judge that he has not pursued on review.  The administrative judge's finding that the appellant failed to prove those allegations of breach is correct, and we see no reason to revisit it.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.